Craig Coleman
15705 Superior Street
North Hills, California 91343
coleman.craig33@gmail.com
(818) 722-3199

Plaintiff in *Pro Per*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| Craig Coleman,<br><br>               Plaintiff,<br><br>    v.<br><br>THE BEST SERVICE COMPANY,<br>TRANSUNION, EQUIFAX,<br><br>              Defendants. | Case No.<br>**CV16-08823** -FMO(MRWx<br><br>**VERIFIED COMPLAINT FOR:**<br>**1. PERMANENT INJUNCTION;**<br>**2. CIVIL PENALTIES;**<br>**3. RESTITUTION;**<br>**4. OTHER EQUITABLE RELIEF.** |

FILED
CLERK, U.S. DISTRICT COURT

NOV 29 2016

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Craig Coleman (hereafter "Plaintiff"), sues Defendants THE BEST SERVICE COMPANY ("Best"), EQUIFAX and TRANSUNION for money damages resulting from negligence, defamation and violations of the Fair Credit Reporting Act ("FCRA") and declares as follows:

## I. PRELIMINARY STATEMENT

1.     This is an action for money damages for negligence, defamation, and violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., arising out of Bests' false reporting to EQUIFAX and TRANSUNION of an alleged delinquent debt of the Plaintiff that was not proven to be Plaintiff's, and  Equifax and Transunion's failure to correct Bests' false reporting on Plaintiff's EQUIFAX and TRANSUNION credit reports.

## II. PARTIES

2.     Plaintiff is currently and was at all relevant times a resident in the County of Los Angeles, California.

3.     Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.     Defendant Best is a corporation doing business in the state of California with its principal place of business at: 6700 S Centinela Ave. 3rd Floor. Culver City, California 90230

5.     Best is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.     Defendant, EQUIFAX, is a corporation organized under the laws of the United States of America and is headquartered in Atlanta, Georgia.

7.     EQUIFAX is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. EQUIFAX is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9. Defendant, TRANSUNION, is a corporation organized under the laws of the United States of America and is headquartered in Chicago, Illinois.

10. TRANSUNION is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11. TRANSUNION is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

12. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Los Angeles, California as a result of the Defendants doing business here.

### IV. ALLEGATION COMMON TO ALL CAUSES OF ACTION

13. On May 6th, 2016 Plaintiff became aware that Defendants were reporting a derogatory remark from Best on Plaintiff's personal credit.

14. On that same day Plaintiff telephoned Best to dispute the alleged debt because it did not belong to Plaintiff.

15. Plaintiff then telephoned Equifax to dispute the debt.

16. Plaintiff then telephoned Transunion to dispute the debt.

17. Plaintiff did not receive proof of Best's claim.

18. On July 15th, 2016 Plaintiff sent Best a second letter of dispute and asked for debt validation again.

19.     Best sent Plaintiff a letter dated July 26, 2016 wherein they stated they were advised by Bank of the West to, "continue collecting on this account."

20.     On October 6th, 2016 Plaintiff telephoned Experian to dispute the alleged debt for the first time.

21.     On that same day Plaintiff telephoned Equifax to dispute the alleged debt for a second time, as it was not Plaintiff's debt.

22.     On that same day Plaintiff telephoned Transunion to dispute the alleged debt for a second time, as it was not Plaintiff's debt.

23.     On October 10th, 2016 Plaintiff sent Best a Notice of Default/Estoppel by Acquiescence since they were unable/unwilling to provide proof of claim.

24.     On November 4th, 2016 Plaintiff telephoned Transunion and spoke to "Charlie" and disputed the alleged debt with Best for a third time.

25.     On November 13th, 2016 Plaintiff telephoned Experian and spoke to "Yeltsin" who confirmed that they had removed the Best account from Plaintiff's Experian credit report.

26.     On November 18th, 2016 Plaintiff telephoned Equifax and spoke to "Lyndee" to dispute the alleged debt for a third time.

27.     As of the date of this verified complaint, no deletion has occurred and Plaintiff continues to be harmed as a proximate result of the Defendants' actions (See Exhibit 1).

28.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, EQUIFAX failed to remove the disputed item from Plaintiff's credit report.

29.     Upon information and belief, EQUIFAX did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute.

30.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, TRANSUNION failed to remove the disputed item from Plaintiff's credit report.

31.     Upon information and belief, TRANSUNION did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following TRANSUNION's receipt of Plaintiff's dispute.

32.     Plaintiff disputed the alleged debt with each credit bureau at least three times.

33.     Plaintiff does not owe Best a debt, evidenced by Best's lack of proof of claim.

34.     Defendants' actions have harmed Plaintiff in that Plaintiff has been denied credit and has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged delinquency on the Best account.

35.     Plaintiff is entitled to statutory damages from all Defendants in the amount of $1,000/violation pursuant to 15 U.S.C.A. §1681n.

36.     Plaintiff is entitled to such amount of punitive damages as the court may allow pursuant to 15 U.S.C.A. § 1681n.

37.     Plaintiff is entitled in the case of any successful action to enforce any liability under section 15 U.S.C.A. § 1681n, the costs of the action together with reasonable attorney's fees as determined by the court.

### V. CLAIMS
#### Negligence – Best

38.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39.     Best's false reporting to Experian, Equifax and Transunion regarding the alleged delinquent debt was negligent under applicable law. In falsely reporting the alleged debt as delinquent, Best breached its duty to Plaintiff to report accurate

1  information regarding Plaintiff's credit history and acted with conscious disregard for

2  Plaintiff's rights.

3      40.    As a proximate result, Best's false reporting to Experian, Equifax and

4  Transunion regarding the alleged delinquent debt of the Plaintiff has caused Plaintiff

5  to suffer substantial money damages and damage of character and reputation,

6  including, but not limited to, Plaintiff being denied credit, humiliation and

7  embarrassment, a substantial decline in Plaintiff's credit rating, and other

8  compensatory and consequential damages. Best's false reporting to Experian,

9  EQUIFAX and TRANSUNION regarding the alleged delinquent debt of the Plaintiff

10  was willful and wanton, entitling Plaintiff to punitive damages therefore.

11                          **Negligence – Equifax**

12      41.    Plaintiff hereby adopts and incorporates the allegations contained in

13  paragraphs 1 through 40 as if fully set forth herein.

14      42.    Equifax's failure to remove Best's false report of Plaintiff's alleged

15  delinquency from Plaintiff's EQUIFAX credit report, despite Plaintiff's lawful notices

16  to EQUIFAX of the falsity of the report, was negligent.  In failing to remove Best's

17  false reports of Plaintiff's alleged delinquency, EQUIFAX breached its duty to

18  Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain

19  accurate credit histories for the Plaintiff, and acted with conscious disregard for

20  Plaintiff's rights.

21      43.    As a proximate result, Equifax's negligent failure to remove Best's false

22  reports of Plaintiff's alleged debt of the Plaintiff's Equifax credit report has caused

23  Plaintiff to suffer substantial money damages and damage of character and reputation,

24  including, but not limited to, Plaintiff being denied credit, humiliation and

25  embarrassment, a substantial decline in Plaintiff's credit rating, and other

26  compensatory and punitive damages

27      44.    Equifax's failure to remove Best's false report of Plaintiff's alleged debt

28  from Plaintiff's credit report, despite Plaintiff's lawful notices to EQUIFAX of the

1  falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages

2  therefore.

3  ### Negligence – Transunion

4      45.    Plaintiff hereby adopts and incorporates the allegations contained in

5  paragraphs 1 through 44 as if fully set forth herein.

6      46.    Transunion's failure to remove Best' false report of Plaintiff's alleged

7  delinquency from Plaintiff's Transunion credit report, despite Plaintiff's lawful

8  notices to Transunion of the falsity of the report, was negligent.  In failing to remove

9  Bests' false reports of Plaintiff's alleged delinquency, Transunion breached its duty to

10  Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain

11  accurate credit histories for the Plaintiff, and acted with conscious disregard for

12  Plaintiff's rights.

13      47.    Transunion's negligent failure to remove Best's false reports of

14  Plaintiff's alleged debt from Plaintiff's Transunion credit report has caused damages

15  to Plaintiff, including but not limited to humiliation and embarrassment, a substantial

16  decline in Plaintiff's credit rating, and other compensatory and consequential

17  damages.

18      48.    Transunion's failure to remove Bests' false report of Plaintiff's alleged

19  debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Transunion of

20  the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive

21  damages therefore.

22  ### Defamation – Best

23      49.    Plaintiff hereby adopts and incorporates the allegations contained in

24  paragraphs 1 through 48 as if fully set forth herein.

25      50.    Best, with knowledge of the falsity of its statements, has published and

26  continues to publish statements to others, including, but not limited to, Equifax and

27  Transunion, that Plaintiff was past due on the alleged Best account and that the Best

28

account was in collection status.  Bests' statements were made with conscious disregard for the rights of the Plaintiff.

51.    Best's    publication    of    false    statements    regarding    Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation per se of the Plaintiff, entitling Plaintiff to compensatory and punitive damages therefore.

### Defamation – Equifax

52.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53.    Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Best and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff was past due on the alleged Best account and that Best was in collection/delinquent status.  In publishing such statements, EQUIFAX acted with conscious disregard for the rights of the Plaintiff.

54.    Equifax's publication of false statements regarding Plaintiff's credit-worthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation per se of the Plaintiff, entitling Plaintiff to compensatory and punitive damages therefore.

### Defamation – Transunion

55.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

56.    Transunion, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Best and other currently unknown entities and/or individuals who have accessed Plaintiff's Transunion credit report, that Plaintiff was past due on the alleged Best account and that Best was in collection status.  In publishing such statements, Transunion acted with conscious disregard for the rights of Plaintiff.

57.     Transunion's publication of false statements regarding Plaintiff's credit-worthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation per se of the Plaintiff, entitling Plaintiff to compensatory and punitive damages therefore.

**Negligent Violation of the Fair Credit Reporting Act – Best**

58.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 57 as if fully set forth herein.

59.     Best's false reporting to EQUIFAX and TRANSUNION of Plaintiff's alleged delinquency is a violation of Best's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

60.     Best's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Best is liable to Plaintiff for Plaintiff's actual damages, for statutory damages and for Plaintiff's costs associated with filing suit.

**Negligent Violation of the Fair Credit Reporting Act – Equifax**

61.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 60 as if fully set forth herein.

62.     Equifax's repeated failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

63.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C.

1  §1681o, for which EQUIFAX is liable to Plaintiff for Plaintiff's actual damages, for

2  statutory damages and for Plaintiff's costs associated with filing suit.

3  **Negligent Violation of the Fair Credit Reporting Act – Transunion**

4  64.    Plaintiff hereby adopts and incorporates the allegations contained in

5  Paragraphs 1 through 63 as if fully set forth herein.

6  65.    Transunion's repeated failure to remove the disputed item from

7  Plaintiff's credit report despite knowledge of the falsity of the disputed item is a

8  violation of Transunion's duty to ensure maximum possible accuracy of consumer

9  reports under 15 U.S.C. §1681e(b) and Transunion's duties regarding investigation of

10 disputed items under 15 U.S.C. §1681i.

11 66.    Transunion's failure to evaluate or consider any of Plaintiff's

12 information, claims or evidence, and its failure to make any and/or sufficient attempts

13 to remove the disputed item from Plaintiff's credit report within a reasonable time

14 following Transunion's receipt of Plaintiff's dispute is a violation of Transunion's

15 duties regarding investigation of disputed items under 15 U.S.C. §1681i.

16 67.    Transunion's violations of the FCRA amount to negligent non-

17 compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Transunion is

18 liable to Plaintiff for Plaintiff's actual damages, for statutory damages and for

19 Plaintiff's costs associated with filing suit

20 **Willful Violation of the Fair Credit Reporting Act – Best**

21 68.    Plaintiff hereby adopts and incorporates the allegations contained in

22 Paragraphs 1 through 67 as if fully set forth herein.

23 69.    Best's false reporting to EQUIFAX and TRANSUNION of Plaintiff's

24 alleged delinquency, despite Bests' knowledge of the falsity of its reporting, is a

25 willful violation of Bests' duties as a furnisher of credit information pursuant to the

26 FCRA, as stated in 15 U.S.C. §1681s-2 (b).

27 70.    Given Bests' knowledge of the falsity of its reporting, Bests' violations

28 of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C.

1  §1681n for which Best is liable to Plaintiff for Plaintiff's actual damages, for statutory

2  damages, for punitive damages and for Plaintiff's costs associated with filing suit.

3  **Willful Violation of the Fair Credit Reporting Act – Equifax**

4  71.  Plaintiff hereby adopts and incorporates the allegations contained in

5  Paragraphs 1 through 70 as if fully set forth herein.

6  72.  Equifax's failure to remove the disputed item from Plaintiff's credit

7  report despite knowledge of the falsity of the disputed item is a willful violation of

8  Equifax's duty to ensure <u>maximum possible accuracy</u> of consumer reports as stated in

9  15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items

10  under 15 U.S.C. §1681i.

11  73.  Equifax's failure to evaluate or consider any of Plaintiff's information,

12  claims or evidence, and its failure to make any and/or sufficient attempts to remove

13  the disputed item <u>within a reasonable time</u> following Equifax's receipt of Plaintiff's

14  dispute is a willful violation of Equifax's duties regarding investigation of disputed

15  items as stated in 15 U.S.C. §1681i.

16  74.  Equifax's violations of the FCRA amount to willful non-compliance with

17  the FCRA as stated in 15 U.S.C. §1681n for which EQUIFAX is liable to Plaintiff for

18  statutory damages, punitive damages and for Plaintiff's costs associated with filing

19  suit.

20  **Willful Violation of the Fair Credit Reporting Act – Transunion**

21  75.  Plaintiff hereby adopts and incorporates the allegations contained in

22  Paragraphs 1 through 74 as if fully set forth herein.

23  76.  Transunion's failure to remove the disputed item from Plaintiff's credit

24  report despite knowledge of the falsity of the disputed item is a willful violation of

25  Transunion's duty to ensure maximum possible accuracy of consumer reports as

26  stated in 15 U.S.C. §1681e(b) and Transunion's duties regarding investigation of

27  disputed items under 15 U.S.C. §1681i.

28

77.    Transunion's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Transunion's receipt of Plaintiff's dispute is a willful violation of Transunion's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

78.    Transunion's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Transunion is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's costs associated with filing suit.

WHEREFORE Plaintiff demands judgment for money damages and injunctive relief against Defendants and demands:

1.    Trial by jury on all issues so triable;

2.    The immediate removal of the derogatory remark from Plaintiff's credit;

3.    For Plaintiff's fees and costs associated with filing suit; and,

4.    Such other and further relief as the Court may deem reasonable and just under the circumstances.

## **VERIFICATION**

I, Craig Coleman, declare and state as follows:

I am the Plaintiff in the above-entitled matter.  I have read the foregoing Verified Complaint and know the content thereof, and the same is true of my own knowledge, except as to matters which are stated upon my own information and belief, which I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on 11/25/2016 at North Hills, California.

by: _____

Craig Coleman
All Rights Reserved

- 12 -

EXHIBIT 1

# Credit Report

View Report From: **Nov 25, 2016 (latest)** ▾

Provided by  **TransUnion.**

 Print this Report

## Items For Your Review 

Advertiser Disclosure


Full Credit Report


Remarks on Accounts (1)


Multiple Recent Inquiries (3)


Recently Closed (1)


Closed as Derogatory (1)

| Overview | ② Accounts | ③ Credit Inquiries | Collections | ⓪ Public Records |

 If you've fallen well behind on payments, a lender could send your account to collections. Find information here on your collections accounts, including the original creditors, the current collectors and the amount of debt being collected.

| Agency ▲ | Original Creditor | Open Date | Status | Balance |
|---|---|---|---|---|
| ▼ THE BEST SERVICE COMPANY | 08 BANK OF THE WEST | Oct 21, 2014 | Closed | $198 |

### Account Details

| | |
|---|---|
| Last Reported | Nov 01, 2016 |
| Collection Agency | THE BEST SERVICE COMPANY |
| Original Creditor | 08 BANK OF THE WEST |
| Status | Closed |
| Opened Date | Oct 21, 2014 |
| Closed Date | -- |
| Responsibility | Individual |
| Balance | $198 |
| High Balance | $198 |
| Remarks | Account information disputed by consumer, meets FCRA requirements |



See an error? Report it to TransUnion with our Direct Dispute™ tool.

**Dispute an Error**

# Credit Report

View Report From:    Nov 25, 2016 (latest)  ▾

Provided by **EQUIFAX**

 Print this Report

## Items For Your Review

Advertiser Disclosure


Full Credit Report


Open Collections
Accounts (1)


Missed Payments
in History (1)


Remarks on
Accounts (1)


Multiple Recent
Inquiries (3)

  

| Overview | ② Accounts | ③ Credit Inquiries | Collections | ⓪ Public Records |

 If you've fallen well behind on payments, a lender could send your account to collections. Find information here on your collections accounts, including the original creditors, the current collectors and the amount of debt being collected.

| Agency ▲ | Original Creditor | Open Date | Status | Balance |
|---|---|---|---|---|
| ″ BEST SERVICE COMPAN | BANK OF THE WEST | Oct 21, 2014 | Open | $198 |

Account Details                                    See something wrong?

| Last Reported | Nov 01, 2016 |
| Collection Agency | BEST SERVICE COMPAN |
| Original Creditor | BANK OF THE WEST |
| Status | Open |
| Opened Date | Oct 21, 2014 |
| Closed Date | -- |
| Responsibility | Individual Account. |
| Balance | $198 |
| High Balance | $198 |
| Remarks | Consumer disputes - reinvestigation in progress Consumer disputes this account information |

You could dispute an error with Equifax.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☒ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Craig Coleman | |

| (b) County of Residence of First Listed Plaintiff: Los Angeles<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant: Clark County, NV<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>Craig Coleman<br>15705 Superior Street<br>North Hills, California 91343<br>coleman.craig33@gmail.com | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ TBD at Trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §1681 et seq. Permanent injunction, Civil penalties, Restitution and other Equitable relief for violations of the FCRA. and defamation.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☒ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | **CV16-08823** |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:**  Your answers to the questions below will determine the division of the Court to which this case will be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1.  Do 50% or more of the defendants who reside in the district reside in Orange Co.?  *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division.  Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO.  Continue to Question B.2. |
| If "no," skip to Question C.  If "yes," answer Question B.1, at right. | B.2.  Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)  *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division.  Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division.  Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1.  Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?  *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division.  Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO.  Continue to Question C.2. |
| If "no," skip to Question D.  If "yes," answer Question C.1, at right. | C.2.  Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)  *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division.  Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division.  Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1.  Is there at least one answer in Column A? | D.2.  Is there at least one answer in Column B? |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION.  Enter "Southern" in response to Question E, below, and continue from there.  If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the EASTERN DIVISION.  Enter "Eastern" in response to Question E,  below.  If "no," your case will be assigned to the WESTERN DIVISION.  Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?   ☒ NO   ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?
☒ NO   ☐ YES

If yes, list case number(s):

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**        DATE: Nov 25 2016

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |